**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gary Lee McCALL, Defendant-Appellant.**

**No. 78–2762.**

United States Court of Appeals, Ninth Circuit.

March 8, 1979.

Certiorari Denied April 30, 1979. See 99 S.Ct. 2061.

Robert A. Pallemon, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellant.

Virginia E. Sloan, Los Angeles, Cal., for plaintiff-appellee.

Before CARTER and WRIGHT, Circuit Judges, and CRAIG,* District Judge.

### PER CURIAM:

We affirm the conviction for possession of counterfeit money with intent to defraud.

McCall attempted to pay for a restaurant meal with what appeared to be a $100 counterfeit bill. A suspicious restaurant manager called police. An officer arrived, examined the bill and told McCall that it was counterfeit.

He asked McCall how he had obtained it, and asked whether McCall had others. Appellant explained that he had received the bill when he cashed his payroll check, and that he had no others. A search of McCall's clothing produced $257 in lawful currency in one pocket and two counterfeit $100 bills in another.

McCall later admitted that he had had six $100 bills, which he claimed he had found near a bar. He said that he had previously purchased goods at several stores with three of the notes, but denied knowing at those times that they were counterfeit.

McCall was indicted on four counts of uttering counterfeit bills and one count of possession. During the jury deliberations, the jury sent a note to the judge asking clarification of one element of the possession charge.[1] The judge, in response, reread his original instructions.

McCall was acquitted on the four uttering counts and convicted on the possession charge. He now argues that his conviction

---

* Of the District of Arizona.

1. The note read:

    On Count # 2 we need clarification of the law in regards to "intent to defraud" phrase. Does that mean if after he was advised the other $100 he was trying to pass in Love's was counterfeit and knowingly lied about possessing two other $100 dollar bills does it construe his possession to be intent to defraud?

should be reversed because: (1) the jury applied an incorrect standard of law as to the "intent to defraud" requirement of 18 U.S.C. § 472; (2) there was insufficient evidence to demonstrate an intent to defraud; and (3) the court committed reversible error when it merely reread its original instructions in response to the jury's note.

The first two arguments are discussed together, because they are based on a faulty premise that renders them meritless. The third argument is separately addressed.

## I.

### DID THE JURY APPLY AN INAPPROPRIATE LEGAL STANDARD?

■ To sustain a conviction under 18 U.S.C. § 472, the government must show that a counterfeit bill was passed or possessed by the defendant, who knew the bill was counterfeit, and that the defendant passed or possessed the bill with intent to defraud. *See United States v. Cluchette*, 465 F.2d 749, 752–53 (9th Cir. 1972).

McCall argues that his acquittal on the four uttering counts demonstrated the jury's conclusion that he did not know the bills were counterfeit before the arresting officer told him so. He contends that the only way the jury could conclude that he possessed the bills with the required intent was if it believed erroneously that his lying to the officer about the two bills he still had constituted intent to defraud.

■ The appeal on this issue is based on the mistaken assumption that this court should reconcile arguably inconsistent verdicts, and speculate as to the reasons for the jury's not guilty verdict on the uttering counts. We need not reconcile rationally inconsistent verdicts, nor do inconsistent verdicts mandate reversal. *Hamling v. United States*, 418 U.S. 87, 101, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *United States v. Miller*, 546 F.2d 320, 325 (9th Cir. 1976); *United States v. Livengood*, 427 F.2d 420, 423 (9th Cir. 1970). We need determine only whether there was sufficient evidence upon which the guilty verdict can be sustained. *Dunn v. United States*, 284 U.S.

390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932); *United States v. Evans*, 572 F.2d 455, 482 n. 35 (5th Cir. 1978), *cert. denied*, —— U.S. ——, 99 S.Ct. 200, 58 L.Ed.2d 182 (1978).

■ There was sufficient evidence to support the conviction. McCall gave inconsistent exculpatory statements concerning the source of the bills, and those can be regarded as evidence of consciousness of wrongdoing. *Fox v. United States*, 381 F.2d 125, 129 (9th Cir. 1967).

He denied having more counterfeit bills when questioned at the restaurant, although he had two of them. The fact that he had earlier used $100 bills to buy goods and had the two remaining bills in a pocket other than the one in which he kept his legitimate currency are additional circumstantial factors from which the jury could have reasonably concluded that he knowingly had possession of counterfeit bills with intent to defraud.

McCall's first point lacks merit.

## II.

### DID THE TRIAL COURT IMPROPERLY RESPOND TO THE JURY'S NOTE?

His second claim is that the court, by merely rereading its original instruction, failed adequately to respond to the jury's note.

■ The necessity, extent, and character of jury instructions are issues left to the sound discretion of the trial court. *Wilson v. United States*, 422 F.2d 1303, 1304 (9th Cir. 1970). When a jury requests clarification, the judge is obligated to clear away the confusion "with concrete accuracy." *Bollenbach v. United States*, 326 U.S. 607, 612–13, 66 S.Ct. 402, 90 L.Ed. 350 (1946).

■ Although problems of the kind evident here can often be avoided if the judge follows the preferred procedure of sending a copy of his instructions to the jury at the start of deliberations, *see United States v. Miller*, 546 F.2d 320, 324 n. 3 (9th Cir. 1976), we find no reversible error in the judge's decision to reread his original charge in this case.

The ultimate question is "whether the charge taken as a whole was such as to confuse or leave an erroneous impression in the minds of the jurors." *Powell v. United States*, 347 F.2d 156, 158 (9th Cir. 1965). There is no dispute that the court's instruction here was a correct statement of the law.

██ It generally addressed the jury's question, without specifically providing a yes or no answer. A more precise explanation might have foreclosed consideration of an issue that was for the jury's resolution alone. The judge adequately responded to the jury's note and we assume that the jury followed the instruction. *United States v. Strand*, 574 F.2d 993, 996 (9th Cir. 1978).

The conviction is affirmed.