811 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas CARAMANGO, Defendant-Appellant.
 No. 85-1823.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1986.
 
 Before KEITH, MERRITT and JONES, Circuit Judges.
 
 
 1
 MERRITT, Circuit Judge. This case involves a direct criminal appeal from a jury conviction for passing counterfeit currency in violation of 18 U.S.C. Sec. 472 (1982). The case raises two central issues: (1) whether the evidence was sufficient to establish that defendant passed counterfeit currency with intent to defraud; and (2) whether the trial court erred by failing to give defendant's requested instruction concerning extra-judicial statements.
 
 A.
 
 2
 The basic facts of this case are not in dispute. On May 25, 1984, Thomas Caramango, a produce vendor, passed sixteen counterfeit $100 bills to Tammy Kaufman, an employee of the wholesale produce company of Tom Maceri and Son, Inc. Caramango was interviewed by Secret Service agents at his home on May 26, 1984 at which time he was read his rights and indicated that he was willing to speak.
 
 
 3
 When questioned by the agents as to where he obtained the counterfeit currency, Caramango came up with two stories. Caramango first said that he had accumulated sixteen $100 bills in a file cabinet at his home and then spent them. Upon being informed that the chances of receiving sixteen counterfeit notes with the same defects just out of circulation at random would be astronomical, Caramango changed his story. He then said that he possibly obtained the counterfeit notes at the same time at a stag party for the son of Sam Maceri Sr.
 
 
 4
 Caramango moved the trial court for a judgment of acquittal notwithstanding the verdict pursuant to Fed.R.Crim.P. 29. The court denied his motion.
 
 B.
 
 5
 We review the jury conviction under the standard established long ago by the Supreme Court in Glasser v. United States, 315 U.S. 60 (1942). We must sustain the jury verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." 315 U.S. at 80. This Court has interpreted "substantial evidence" to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." United States v. Conti, 339 F.2d 10, 13 (6th Cir.1964).
 
 
 6
 Under the criminal statute dealing with counterfeiting, 18 U.S.C. Sec. 472 (1982), the government must establish "intent to defraud." The government can establish this knowledge element through direct or circumstantial evidence. See United States v. Stone, 748 F.2d 361 (6th Cir.1984). Moreover, "[i]t is not necessary that circumstantial evidence remove every reasonable hypothesis except that of guilt." 748 F.2d at 363.
 
 
 7
 Based on our review of the record, we find that the evidence presented at trial was sufficient to establish that Caramango knowingly passed the counterfeit notes. This Court and other courts have sustained jury convictions for passing counterfeit currency under facts similar to the present case: passing a large quantity of counterfeit notes and making inconsistent and false exculpatory statements. See, e.g., United States v. Combs, 672 F.2d 574 (6th Cir.), cert. denied, 458 U.S. 1111 (1982); United States v. McCall, 592 F.2d 1066 (9th Cir.), cert. denied, 441 U.S. 936 (1979); and United States v. Grady, 665 F.2d 831 (8th Cir.1981).
 
 C.
 
 8
 This case raises an additional issue as to whether the trial court erred by failing to give defendant's requested instruction concerning the extra-judicial statements made by Caramango at his home when interviewed by Secret Service agents. The trial court gave an instruction which stated in pertinent part:
 
 
 9
 The conduct of a defendant, including statements knowingly made and acts knowingly done, upon being informed that a crime has been committed, or upon being confronted with a criminal charge, may be considered by a jury in light of all other evidence in the case in determining guilt or innocence.
 
 
 10
 When a defendant voluntarily and intentionally offers an explanation or makes some statement tending to show his innocence, and this explanation or statement is later shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of guilt. Ordinarily, it is reasonable to infer that an innocent person doesn't fabricate an explanation tending to establish his innocence.
 
 
 11
 Defendant requested a jury charge which contained the following language:
 
 
 12
 Evidence relating to any statement, or act or omission, claim to have been made or done by defendant outside of court, and after a crime has been committed, should always be considered with caution and weighed with great care; and all such evidence should be disregarded entirely, unless the evidence in the case convinces the jury beyond a reasonable doubt that the statement or act or omission was knowingly made or done.
 
 
 13
 A statement or act or omission is "knowingly" made or done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.... (Devitt and Blackmar, Federal Jury Practice and Instructions. p 15.06 (3rd ed. 1977.)
 
 
 14
 Defendant's claim that the trial court erred by failing to give the requested instruction is without merit. The trial judge is not bound to give a requested instruction if "the subject matter of the instruction is substantially covered in the judge's general charge." United States v. Carabbia, 381 F.2d 133, 138 (6th Cir.), cert. denied, 389 U.S. 1007 (1967). We believe that the trial judge satisfied the Carabbia standard. Furthermore, we believe that the overall jury charge fairly and adequately submitted the issues in the case to the jury. United States v. Mattucci, 502 F.2d 883, 889 (6th Cir.1974). Therefore, we find no error in the failure to give the requested instruction.
 
 
 15
 Accordingly, the judgment of the District Court is affirmed.