931 F.2d 898
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Louis A. VITALE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary J. SPONHOLTZ, Defendant-Appellant.
 Nos. 90-10200, 90-10201.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 29, 1991.*
Decided May 2, 1991.
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Louis Vitale and Gary Sponholtz appeal their convictions, following a jury trial, for one count of trespass on government property in violation of 42 U.S.C. Sec. 2278a and 10 C.F.R. Sec. 860.3. Appellants contend that the district court erred by (1) excluding evidence material to their presentation of a defense, and (2) responding inappropriately to a request from the jury for clarification of the jury instructions. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 Vitale and Sponholtz were arrested after entering the Nevada Test Site (Test Site) without authorization from the Department of Energy (DOE). Before trial, the government moved in limine to exclude evidence pertaining to necessity and other common law defenses or the morality of nuclear weapons. The district court granted this motion, precluding inter alia evidence pertaining to appellants' claim that they had been issued permits for entry onto the Test Site by the Shoshone Indians and their consequent belief that their entry was privileged. At trial, each appellant also attempted to testify to his "lack of criminal intent" at the time of the trespass. The district court refused to permit this testimony.
 
 
 4
 During their deliberations, the jury requested and received a clarification of the jury instruction on intent. Vitale and Sponholtz objected to the district judge's response, and their objection was overruled. The jury found both men guilty.
 
 I. Exclusion of Evidence
 
 5
 We review a district court's decision precluding the admission of evidence for abuse of discretion. United States v. Komisaruk, 885 F.2d 490, 492 (9th Cir.1989); United States v. Poschwatta, 829 F.2d 1477, 1483 (9th Cir.1987), cert. denied, 484 U.S. 1064 (1988).
 
 
 6
 A district court may properly preclude a defendant from presenting evidence of an affirmative defense if he cannot show any possibility of prevailing on that defense. United States v. Bailey, 444 U.S. 394, 416 (1980); United States v. Dorrell, 758 F.2d 427, 430 (9th Cir.1985); see Komisaruk, 885 F.2d at 493-94.
 
 
 7
 Here, appellants sought to introduce evidence showing that they reasonably believed their entry into the Test Site was privileged and did not violate the law. Nevertheless, both appellants testified that they had been previously arrested and cited for unlawful entry at the Test Site, and that they deliberately avoided entering through the official gate because they did not have authorization to enter from the DOE. Their purported reliance on Shoshone Indian permits had no basis in law, see generally United States v. Dann, 470 U.S. 39 (1985), and it was clear that they knew they were violating the federal trespass statute. Their belief that they lacked "criminal" intent despite their intent to violate the statute was irrelevant because it did not address an element of the offense, namely willful trespass on government property. See 42 U.S.C. Sec. 2278a.
 
 
 8
 Thus, the district court did not err by precluding evidence of appellants' alleged mistaken belief that their actions did not violate the law. See Komisaruk, 885 F.2d at 494.
 
 II. Supplemental Instruction
 
 9
 "[T]he necessity, extent and character of additional instructions are matters within the sound discretion of the trial court.... [and] the district court has the responsibility to eliminate confusion when a jury asks for clarification of a particular issue." United States v. Hayes, 794 F.2d 1348, 1352 (9th Cir.1986) (citations omitted), cert. denied, 479 U.S. 1086 (1987); "The ultimate question is whether the charge taken as a whole was such as to confuse or leave an erroneous impression in the minds of the jurors." United States v. McCall, 592 F.2d 1066, 1069 (9th Cir.), cert. denied, 441 U.S. 936 (1979).
 
 
 10
 Here, the jury's note to the judge read as follows: "If there was no criminal intent, could we still find them guilty of trespassing?" (RT 1/10/90 at 163). The district court responded with a written note that read: "The intent that you need to find in order to find the defendants guilty is the intent to trespass on the property knowing it was against the law, otherwise you must find the defendants not guilty" (id.). The district court indicated that it thought the jury had confused intent to commit the act of trespassing with intent to commit criminal acts on the property, and responded with a statement reasonably designed to clarify the element of intent to trespass. The instruction correctly stated the law, and made clear that the jury had to find the requisite intent before it could find the defendants guilty. The district court did not abuse its discretion.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the court of this circuit except as provided by 9th Cir.R. 36-3