990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vahe NALBANTION, Defendant-Appellant.
 No. 91-50396.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 17, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Vahe Nalbantion appeals his jury conviction for possessing and uttering counterfeit currency, in violation of 18 U.S.C. § 472. We have jurisdiction over the timely appeal pursuant to 28 U.S.C. § 1291 and affirm.
 
 DISCUSSION
 
 3
 Nalbantion challenges the sufficiency of the evidence to support his conviction for uttering counterfeit currency. In reviewing the sufficiency of the evidence, we must determine, viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992). Knowledge that the bills are counterfeit is an element of a violation of 18 U.S.C. § 472. United States v. Palacios, 835 F.2d 230, 232 (9th Cir.1987).
 
 
 4
 Nalbantion argues that there is insufficient evidence that he had knowledge that the bills in his possession were counterfeit. We reject the argument, which is based on a highly selective and misleading statement of the facts.
 
 
 5
 A defendant's guilty knowledge may be proved by circumstantial evidence, United States v. Hudson, 609 F.2d 1326, 1329 (9th Cir.1979), and may be inferred from the acts of the defendant. United States v. Lorenzo, 570 F.2d 294, 299 (9th Cir.1978). A jury may consider the defendant's inconsistent statements, Palacios, 835 F.2d at 232, surreptitious or furtive conduct, Hudson, 609 F.2d at 1329, or segregation of counterfeit bills. United States v. McCall, 592 F.2d 1066, 1068 (9th Cir.), cert. denied, 441 U.S. 936 (1979).
 
 
 6
 The evidence adduced at trial, viewed in the light most favorable to the government, showed that Nalbantion ordered a five dollar drink in a bar, and attempted to pay for that drink with a one hundred dollar bill. The bartender examined the $100 bill and became suspicious. After conferring with the manager and club security, the bartender compared the bill to another, authentic $100 bill that Nalbantion provided. The men determined that the bill Nalbantion tendered to pay for his drink was counterfeit. Nalbantion stated that he had no other $100 bills, but consented to an inspection of his other currency, a large wad of bills, which contained several bills of smaller denomination, but no hundred dollar bills.
 
 
 7
 The parties stepped outside to inspect the bills under a direct light when Nalbantion attempted to flee. He was grabbed and detained until the police arrived. He appeared nervous and restless and asked to return to the bar, stating that he was an illegal alien who would be deported if reported to the police. Nalbantion was, however, a lawful permanent resident alien since 1978. When the police arrived, Nalbantion attempted to flee again, and was handcuffed and placed in the back seat of the police car.
 
 
 8
 While handcuffed in the back seat of the police car, Nalbantion was observed moving quickly side-to-side. He was removed from the car, where it was discovered that a bundle of eighteen bills had been placed underneath the back seat--all counterfeit. The remaining currency in Nalbantion's pockets was genuine. Nalbantion testified that he obtained all of the money from a man named "Artuch"; however, on cross-examination, Nalbantion could not provide Artuch's last name, telephone number, business address or telephone number, or home address.
 
 
 9
 A rational jury could have concluded beyond a reasonable doubt that Nalbantion, with intent to defraud, knew that the currency possessed and passed by him was counterfeit.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3