68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Chris SAUNDERS, Defendant-Appellant.
 No. 95-5437.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 10, 1995.
Decided: Oct. 23, 1995.
 
 William E. Martin, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.
 Walter C. Holton, Jr., United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 Before WIDENER and HALL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Gary Saunders was indicted on one count of passing counterfeit bills in violation of 18 U.S.C. Sec. 472 (1988). He was tried by a jury and found guilty. He now appeals. On appeal, Saunders challenges the sufficiency of the evidence, claiming that the Government failed to prove that he knowingly passed counterfeit bills. We affirm.
 
 I.
 
 2
 The Government presented evidence that Saunders cashed a paycheck for a woman named Teresa Nash on April 1, 1994. Nash, with the money she received from Saunders, purchased a money order from a BP gas station on April 7, 1994. Ten $10 bills used by Nash were counterfeit. Around the same time period, another counterfeit ten-dollar bill with Saunders's fingerprints was discovered in a bank deposit with the Federal Reserve.
 
 
 3
 On April 4, 1994, Steve Gerometta was working at a Pizza Hut restaurant. Saunders came in with two women and sat down at a table to eat. At the end of their meal, Saunders paid the bill of $28.39 with three ten dollar bills and left. Gerometta immediately noticed that the ten dollar bills did not feel right and did not contain the red and blue security fibers that are found in genuine United States currency. Additionally, Gerometta noticed that all three bills had the same serial number and that the bills appeared to be thicker and whiter than genuine United States currency. Gerometta immediately wrote down descriptions of the three suspects and the color, make, model, and license plate number of their car.
 
 
 4
 Saunders testified in his own defense. He did not deny passing the counterfeit bills. He only denied that he did so knowingly. Saunders said that from 1993 through 1994, he employed himself by selling sweatshirts and other promotional items. Saunders admitted that he did not know his taxable income for 1994 and he claimed that he did not know that he had to report income from the sweatshirt business.
 
 
 5
 Saunders further testified that he went on a trip to Atlanta to sell sweatshirts and that he may have received the counterfeit bills during that trip. He claimed that he sold the sweatshirts at a festival, making twenty-five hundred dollars. He testified that, while in Atlanta, he stayed at the Days Inn in Downtown Atlanta for three nights. Saunders was unable to produce any receipts from the trip.
 
 
 6
 The Government called Secret Service Special Agent Barry Baker as a rebuttal witness. Baker interviewed Saunders on May 12, 1994 about the origin of the counterfeit bills. Baker testified that when he asked Saunders where he acquired the counterfeit money, Saunders definitively said that he received the money in Atlanta from selling T-shirts. When Baker asked Saunders how much money he received, Saunders replied that he received a thousand dollars. Baker testified that when he asked Saunders where he stayed in Atlanta, Saunders said he could not remember. Baker said that when he asked Saunders where he made his sales, Saunders replied that he could not remember.
 
 II.
 
 7
 This Court affirms a conviction challenging the sufficiency of the evidence if, when viewing the evidence in the light most favorable to the prosecution, substantial evidence supports the verdict. Glasser v. United States, 315 U.S. 60, 80 (1942); Jackson v. Virginia, 443 U.S. 307, 319 (1979). If substantial evidence supports the verdict, it must be sustained. Glasser, 315 U.S. at 80.
 
 
 8
 Saunders does not contest the fact that he passed the counterfeit bills. He alleges, rather, that the Government failed to prove that he knowingly passed the bills. "To prove a violation of 18 U.S.C. Sec. 472, the Government must not only show that the accused passed or possessed counterfeit money, but that he did so with intent to defraud." United States v. Haggins, 545 F.2d 1009, 1013 (5th Cir.1977). Direct proof of intent to defraud is not necessary. United States v. Browning, 390 F.2d 511, 512 (4th Cir.1968). It may be inferred from the acts of the accused and the facts and circumstances of the case. Id. The weight and credibility of witness testimony and whether or not intent to defraud existed are questions for the jury. Id.
 
 
 9
 Courts have relied on various "surrounding circumstances" to infer that the defendant intentionally passed counterfeit bills. United States v. Perez, 698 F.2d 1168, 1170 (11th Cir.1983). Guilty knowledge can be inferred from a rapid series of passings, United States v. Releford, 352 F.2d 36, 38-39 (6th Cir.1965), cert. denied, 382 U.S. 984 (1966), if the bills are passed to several different parties, Marson v. United States, 203 F.2d 904, 906 (6th Cir.1953), or when the accused gives inconsistent exculpatory statements, United States v. McCall, 592 F.2d 1066, 1068 (9th Cir.), cert. denied, 441 U.S. 936 (1979). Additionally, intent to defraud may be inferred if the counterfeit nature of the bills is apparent. United States v. Armstrong, 16 F.3d 289, 292-93 (8th Cir.1994); United States v. Slone, 601 F.2d 800, 804-05 (5th Cir.1979); Haggins, 545 F.2d at 1014.
 
 
 10
 The Government presented sufficient evidence from which the jury could infer that Saunders intentionally passed the counterfeit bills. Saunders passed the bills to Nash and at the Pizza Hut within a three-day period. Another counterfeit bill with Saunders's fingerprints was found in a Federal Reserve bank deposit shortly thereafter. Thus, there was evidence of a rapid series of passings. Releford, 352 F.2d at 38-39. Saunders passed the bills to at least three different parties. Marson, 203 F.2d at 906. Further, Saunders's testimony at trial concerning the origin of the bills differed significantly from his initial statements to Special Agent Barry. See McCall, 592 F.2d at 1068. Finally, Steve Gerometta testified that the counterfeit nature of the bills was readily apparent. Armstrong, 16 F.3d at 292-93. Thus, when viewed in a light most favorable to the prosecution, there was substantial evidence to convict Saunders of knowingly passing counterfeit bills, and, therefore, the jury's verdict must be sustained. Glasser, 315 U.S. at 80. Accordingly, we affirm.
 
 
 11
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED