**COMPETITION SPECIALTIES, INC.,**
**a Washington Corporation,**
**Plaintiff—Appellee,**

**v.**

**COMPETITION SPECIALTIES,**
**INC., a Florida Corporation,**
**Defendant—Appellant.**

Competition Specialties, Inc., a Washington Corporation, Plaintiff—Appellant,

v.

Competition Specialties, Inc., a Florida Corporation, Defendant—Appellee.

Nos. 02–35831, 02–35885.
D.C. No. CV–00–00038–RSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Decided Jan. 20, 2004.

---

Timothy L. Boller, SEED Intellectual Property Law Group, PLLC., Seattle, WA, Robert M. Ward, Indianapolis, IN, for Plaintiff-Appellee/Plaintiff-Appellant.

Scott A.W. Johnson, Esq., Stokes, Lawrence, P.S., Seattle, WA, Michael McGinn, Leslie C. Ruiter, Shannon M. Jost, Stokes Lawrence, P.S., Seattle, WA, for Defendant-Appellant/Defendant-Appellee.

Before TROTT, FISHER, and GOULD, Circuit Judges.

### MEMORANDUM *

The two companies in this hotly litigated dispute deal in specialty parts used for drag car racing. Located on opposite coasts of the United States, both, for a time, used the name "COMPETITION

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

SPECIALTIES, INC.," shortened by the acronym "CSI," to sell and promote their products and services. The Washington-based company ("CSI–WA") sued the Florida-based company ("CSI–FL") in the United States District Court for the Western District of Washington, alleging trademark infringement, unfair competition, and cybersquatting. On CSI–FL's motion for summary judgment, the district court ruled that none of CSI–WA's claims were barred by laches as a matter of law and that CSI–WA was the primary user of the COMPETITION SPECIALTIES, INC. and CSI marks. After a four-day trial, the jury returned a verdict in favor of CSI–WA, finding that (1) CSI–FL had infringed both trademarks (the CSI mark intentionally); (2) CSI–FL was not liable for unfair competition; and (3) no damages were proximately caused by the trademark infringement.

CSI–FL appeals several orders, including, *inter alia*, the district court's rulings on partial summary judgment regarding laches and the priority of CSI–WA's marks, and its entry after trial of a limited permanent injunction. CSI–WA cross-appeals, seeking, *inter alia*, attorneys' fees, damages, and a broader injunction. We affirm the district court on the appeal and cross-appeal.

*Laches*

CSI–FL offered evidence that CSI–WA knew that CSI–FL had been using both the COMPETITION SPECIALTIES, INC. and CSI marks in 1990, but delayed suit for nearly ten years. CSI–FL asserted a laches defense, arguing that the district court should have barred the trademark infringement claim because CSI–WA, the trademark holder, "knowingly allowed the infringing mark to be used without objection for a lengthy period of time." *Brookfield Communications, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1061 (9th Cir.1999) (laches did not attach where plaintiff knew about infringement for two years before filing suit). Although the district court on partial summary judgment did not decide if there was a likelihood of confusion, stating that it would leave this issue to the jury, the district court nevertheless granted a partial summary judgment in favor of CSI–WA dismissing the laches defense.

After trial, the jury found that CSI–FL had intentionally used the CSI mark/name knowing that it constituted an infringement.[1] Not only does a finding of trademark infringement imply that a likelihood of confusion exists, but under our precedent, laches is unavailable as a defense to a party who intentionally infringes. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 956–57 (9th Cir.2001).

Notwithstanding *Danjaq*, CSI–FL argues that the district court erred in barring its laches defense because the jury had not yet decided key elements of the laches analysis that would help determine whether there was a likelihood of confusion between the parties' identical marks. Courts often consider six factors in determining whether laches will bar relief: (1) strength and value of trademark asserted; (2) plaintiff's diligence in enforcing the mark; (3) harm to senior user if relief is denied; (4) good faith ignorance by the junior user; (5) competition between senior and junior users; and (6) the extent of harm suffered by the junior user because of the senior user's delay. *E–Systems, Inc. v. Monitek, Inc.*, 720 F.2d 604, 607 (9th Cir.1983). The district court found,

---

1. The jury did not make a similar finding of intentional infringement as to the COMPETITION SPECIALTIES, INC. trademark, although it did find that CSI–FL had infringed on that mark as well.

however, that because CSI–FL's growth was "slow and steady," the court need not apply the six-factor test from *E–Systems.* Even if it had applied the test, the court reasoned, laches would be barred because of the harm to the plaintiff as the senior user, the degree of the defendant's knowledge as the junior user, and because of the competition between the two parties.

■ We hold that the district court did not err when it bypassed the six-factor test for laches in favor of the "slow and steady growth" approach. *See E–Systems,* 720 F.2d at 607 ("Had defendant's encroachment been minimal, or its growth slow and steady, there would be no laches."); *Carter–Wallace, Inc. v. Procter & Gamble Co.,* 434 F.2d 794, 803 n. 4 (9th Cir.1970) ("[T]here is no laches where the defendant's encroachment is steady but slow.").

*Priority in the Marks*

■ The district court did not err in finding on partial summary judgment that CSI–WA was the senior user of the marks because "[t]he first to use a mark is deemed the 'senior' user and has the right to enjoin 'junior' users from using confusingly similar marks in the same industry and market or within the senior user's natural zone of expansion." *Brookfield,* 174 F.3d at 1047. CSI–WA had used both marks since at least 1982, which is over a decade before CSI–FL adopted and used the marks. CSI–FL argues that the district court erred in considering only chronological priority instead of requiring CSI–WA to establish that it had acquired secondary meaning in the trademarks before CSI–FL adopted these marks. We disagree.

The law only requires a showing of secondary meaning when the marks are not distinctive. *Two Pesos, Inc. v. Taco Cabana, Inc.* 505 U.S. 763, 767, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992). In its Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, CSI–FL did not argue in the court below that the marks were descriptive as opposed to distinctive. "As a general rule, an appellate court will not hear an issue raised for the first time on appeal." *Whittaker Corp. v. Execuair Corp.,* 953 F.2d 510, 515 (9th Cir.1992). Although CSI–FL argued that CSI–WA's COMPETITION SPECIALTIES mark had not acquired secondary meaning, the distinctiveness issue was not necessarily a part of the analysis about secondary meaning.

Given CSI–WA's long period of use before CSI–FL's adoption or use of the marks, the district court's apparent assumption that the marks were distinctive, and the absence of a challenge in the district court by CSI–FL to distinctiveness, we hold that the district court did not err in ruling on partial summary judgment that CSI–WA was the senior user with priority in the marks.

*Injunctive Relief*

■ Both parties appeal the scope of the limited permanent injunction which provided, in part, for CSI–FL's gradual phase out of both marks over a two-year period. We evaluate the scope of the injunction for an abuse of discretion. *Idaho Watersheds Project v. Hahn,* 307 F.3d 815, 823 (9th Cir.2002). CSI–FL contends that the injunction is overly broad, arguing that the jury's finding of willful infringement cannot be reconciled with its finding that CSI–FL neither unfairly competed against CSI–WA nor caused it to suffer damages. We disagree. The district court properly fashioned its equitable relief in light of the jury's findings of fact establishing trademark infringement. *See Los Angeles Police Protective League v. Gates,* 995 F.2d 1469, 1473 (9th Cir.1993) (holding that where a judge tries equitable claims and a jury tries legal claims, "the Seventh

Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations.") (internal quotation marks omitted). Because "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases," and because "there is no adequate remedy at law for the injury caused by a defendant's continuing infringement," the district court did not err in granting plaintiff's request for a permanent injunction. *E. & J. Gallo Winery v. Pasatiempos Gallo, S.A.*, 905 F.Supp. 1403, 1416 (E.D.Cal.1994).

We "must uphold the judgment if it is possible to reconcile the verdicts on any reasonable theory consistent with the evidence." *Vaughan v. Ricketts*, 950 F.2d 1464, 1470 (9th Cir.1991). The jury may have reached different conclusions on the respective trademark and unfair competition claims because the jury instructions for unfair competition differed from those for trademark infringement. A rational jury could also find that although CSI–FL had infringed CSI–WA's marks, the infringement had not caused monetary damage. Because, in our view, the verdicts are reconcilable, and because the limited injunction is appropriate for the type and degree of infringement involved, we affirm the district court's grant of a limited permanent injunction on the terms imposed.[2]

*Attorneys' Fees*

On cross-appeal, CSI–WA claims that the district court erred in refusing to award it attorneys' fees under the Lanham Act, 15 U.S.C. § 1117. Congress intended the Lanham Act to allow for an award of attorneys' fees only in "exceptional" trademark cases. A trademark case is exceptional for purposes of an award of attorneys' fees where the infringement is malicious, fraudulent, deliberate, or willful. *See Playboy Enters. Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1276 (9th Cir.1982). We review the determination of whether a case is "exceptional" *de novo. See Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 2003 WL 22952105, at *5 (9th Cir. Dec.16, 2003). Notwithstanding the jury's finding that CSI–FL knowingly and intentionally infringed the CSI mark, we conclude that CSI–FL's conduct was not sufficiently egregious to make this an exceptional case. We affirm the district court's denial of attorneys' fees.

*Cybersquatting Claim*

In its cross-appeal, CSI–WA argues that its cybersquatting claim should have been decided by the jury, not by the court on CSI–FL's motion for judgment as a matter of law. The claim is based on evidence that CSI–FL used domain names containing the CSI mark (in addition to the jury's finding that CSI–FL's conduct was intentional and created a potential for confusion). However, to prevail on the cybersquatting claim under the Lanham Act, CSI–WA was required to establish that CSI–FL had a bad faith intent to profit by using CSI–WA's mark; *and* either (1) that CSI–WA's CSI mark is distinctive *and* that CSI–FL's domain names <*csicsi.com*> and <*csiperformance.com*> are identical to or confusingly similar with CSI–WA's mark, *or* (2) that CSI–WA's CSI mark is famous (and was famous before CSI–FL registered its domain names) and that CSI–FL's domain names are identical or confusingly similar with or dilutive of CSI–WA's mark. 15 U.S.C.

**2.** We also affirm the injunction, rejecting the cross-appeal by CSI–WA, which contends it is so limited as to be ineffective. The district court's two-year phase out, which requires CSI–FL to add a disclaimer on all its advertisements, was not an abuse of discretion because the district court could reasonably consider the terms of the injunction to be an appropriate remedy under the total circumstances presented.

§ 1125(d)(1)(A). We affirm the district court's ruling on the cybersquatting claim because the evidence did not show that CSI–FL acted in bad faith and that the domain names were confusingly similar.

*Limiting Cross Examination*

■ Also in its cross-appeal, CSI–WA challenges the district court's ruling limiting cross-examination of CSI–FL's witnesses regarding its tax returns. We review evidentiary rulings for an abuse of discretion. *White v. Ford Motor Co.*, 312 F.3d 998, 1006 (9th Cir.2002). After tax returns were admitted into evidence, the court permitted CSI–WA's counsel to conduct some cross examination of CSI–FL's witnesses. CSI–WA's counsel had an opportunity to urge its view in closing argument. These are reasonable justifications for the court's ruling from the bench, and the district court had discretion to limit cross-examination. *See Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir.1992) (the district court has "considerable discretion to limit cross-examination in order to prevent delay or avoid cumulative evidence.").

*Jury Instructions*

■ CSI–WA also asserts on cross-appeal a related contention that if the district court had instructed the jury that advertising expenditures and reinvestments were improper tax deductions, the jury would have included an award of CSI–FL's ill-gotten profits. We disagree. "The trial judge is given substantial latitude in tailoring the [jury] instructions." *United States v. Burgess*, 791 F.2d 676, 680 (9th Cir. 1986). The district court instructed the jury that damages for infringement or un-

fair competition are equal to "profits earned by the defendant attributable to the infringement or unfair competition." In further detail, the instructions noted that "[e]xpenses are all operating, overhead, and production costs occurring in producing the gross revenue. The defendant has the burden of proving the expenses and the portion of the profit attributable to factors other than use of the infringed trademark by a preponderance of the evidence." We conclude that this was a sufficient description of the measure of damages for federal trademark infringement.[3] Because the court gave appropriate damages instructions and CSI–WA's counsel was permitted to argue to the jury about whether certain deductions should not have been taken, the district court did not abuse its discretion by rejecting the additional specific instructions that CSI–WA proposed. *See United States v. McCall*, 592 F.2d 1066, 1068 (9th Cir.1979) ("The necessity, extent, and character of jury instructions are issues left to the sound discretion of the trial court.").

*Amending the Complaint*

■ CSI–WA cross-appeals the district court's order denying leave to amend its complaint to add two corporate officers of CSI–FL. To amend the complaint after the close of discovery, and more than a year and a half after the suit was first filed (and two months before the then-scheduled trial date), was not required because amendment would have caused undue prejudice and delay. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d

---

**3.** 15 U.S.C. § 1117(a) outlines the basis for recovery in cases of trademark infringement: (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. In addition, "[t]he court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." *Id.* The district court's jury instructions were not error.

**44**

980, 986 (9th Cir.1999). The district court did not abuse its discretion.

AFFIRMED.