**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VICTOR VELASQUEZ,

                Plaintiff-Appellant,

v.

CITY OF SANTA CLARA; et al.,

                Defendants-Appellees.

No. 14-16568

D.C. No. 5:11-cv-03588-PSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding

Argued and Submitted December 15, 2016
San Francisco, California

Before: KOZINSKI, BYBEE, and N.R. SMITH, Circuit Judges.

Plaintiff Victor Velasquez appeals following a jury verdict for Defendants in

this 42 U.S.C. § 1983 excessive force action. We affirm.

**1.** The district court did not abuse its "wide discretion" in responding to

the jury's question about the required level of proof. *See C.B. v. City of Sonora*,

---

     [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

769 F.3d 1005, 1020 (9th Cir. 2014) (en banc) (citation omitted). Because the jury instructions here already contained what Velasquez concedes is a legally accurate definition of the required level of proof, the district court did not abuse its discretion in answering the jury's questions by directing it to the specific instructions. *See United States v. Evanston*, 651 F.3d 1080, 1090 (9th Cir. 2011); *United States v. McCall*, 592 F.2d 1066, 1068–69 (9th Cir. 1979) (per curiam). Where the jury made no further inquiry or otherwise indicated lingering confusion, we must presume the district court's response resolved the issue. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000). Thus, Velasquez's arguments that the jury remained confused about the required level of proof are unpersuasive.

      **2.**     The district court did not abuse its discretion in admitting the three "mug shot"-type booking photos that showed Velasquez's tattoos. *See United States v. Fernandez*, 388 F.3d 1199, 1245–46 (9th Cir. 2004), *modified*, 425 F.3d 1248 (9th Cir. 2005). It was not illogical, implausible, or without support in the record, *see United States v. Hinkson*, 585 F.3d 1247, 1262–63 (9th Cir. 2009) (en banc), for the district court to find (1) that a central issue in this case is what the officers knew of Velasquez at the time of the incident, *see Long v. City & Cty. of Honolulu*, 511 F.3d 901, 906 (9th Cir. 2007); (2) that the photos were relevant to "Defendants' risk assessment based on Velasquez's gang affiliation"; and (3) that

2

the danger of unfair prejudice did not outweigh the probative value. Velasquez's cited authority to the contrary is inapposite.

**3.** In the context of Velasquez's *Monell* claim, the district court did not abuse its discretion in excluding evidence of Defendants' prior shooting incidents, because Velasquez failed to show that the City's failure to train its officers amounted to a "deliberate indifference" of the rights of its inhabitants. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Establishing "deliberate indifference" will ordinarily require showing a "pattern of similar constitutional violations." *Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) (citation omitted). Because Velasquez has never offered any evidence (or even baldly asserted) that the prior shootings violated the Constitution or any policy, the past shootings could not establish that Santa Clara had a policy, custom, or pattern of constitutional violations allowing unlawful excessive force. Thus, Velasquez has provided no basis for this panel to overturn the district court's discretionary decision to exclude evidence of the prior shootings.

**4.** On de novo review, the district court did not err in denying Velasquez's motion for judgment as a matter of law, because the jury verdict is "supported by substantial evidence." *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008) (citation omitted). We "view all evidence in the light

3

most favorable to the [officers], draw all reasonable inferences in the favor of the [officers], and disregard all evidence favorable to [Velasquez] that the jury is not required to believe." *Id*.

The objective reasonableness of an officer's use of force takes into account the totality of the circumstances, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Gonzalez v. City of Anaheim*, 747 F.3d 789, 793–94 (9th Cir. 2014) (en banc) (citation omitted). Immediacy of the threat is the most important factor. *Id.* at 793 (citation omitted). Deadly force is reasonable where "the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Id.* (citations omitted).

Leading up to the incident, Defendants believed Velasquez was a drug dealer, had a gang affiliation, typically carried a firearm in his waistband, and was armed on the day of arrest, all of which factored into the officers' assessment of the risk. Velasquez was admittedly attempting to flee during this incident and gave no sign that he planned to comply with the officers' orders. The officers testified that, during the incident, it seemed as though Velasquez realized he was trapped and, at that moment, dropped his hands rapidly toward his waist in an apparent attempt to

4

reach a gun to shoot at the officers. Under these circumstances, it was not unreasonable for officers to believe that, because Velasquez was surrounded, with the prospect of going to jail on felony drug crimes, he may be provoked to violence.

5. The district court did not abuse its discretion by refusing to grant Velasquez a new trial, because the jury's verdict was not against the clear weight of the evidence. *See Incalza v. Fendi N. Am., Inc.*, 479 F.3d 1005, 1013 (9th Cir. 2007). Although the district court noted the possibility that it may have reached a different conclusion if it were sitting as fact-finder, the court "may not grant a new trial simply because it would have arrived at a different verdict." *Wallace v. City of San Diego*, 479 F.3d 616, 630 (9th Cir. 2007) (citation omitted). The district court analyzed each of Velasquez's arguments and ultimately held that it was "not persuade[d] . . . that the jury's verdict was 'contrary to the clear weight of the evidence.'" The district court's denial of a motion for a new trial based on such an evidentiary finding is "virtually unassailable[, and] we reverse . . . only where there is an *absolute absence of evidence* to support the jury's verdict." *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) (citation omitted).

**AFFIRMED**.

5