**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Darrell L. STRAND,**
**Defendant-Appellant.**

**No. 77–1245.**

United States Court of Appeals,
Ninth Circuit.

March 22, 1978.

Rehearing and Rehearing En Banc
Denied May 12, 1978.

---

Thomas W. Malone (argued), of Treece, Richdale, Meiner & Malone, Seattle, Wash., for defendant-appellant.

Francis J. Diskin, Asst. U.S. Atty. (argued), Seattle, Wash., for plaintiff-appellee.

Before MERRILL, DUNIWAY and CHOY, Circuit Judges.

CHOY, Circuit Judge:

Strand appeals from a conviction for accepting a bribe in violation of 18 U.S.C. § 201(c)(3). We affirm.

I

In 1976, Strand was a summer employee with the U.S. Customs Service on the Canadian border, at the Port of Sumas. His responsibilities included examining vehicles and baggage, questioning persons entering

the United States, and intercepting drugs or other contraband pursuant to established regulations. A friend of his, Taylor, testified that Strand had asked him to find someone interested in smuggling drugs into the United States. Taylor instead contacted a special agent of the Customs Service, who posed as a smuggler and met with Strand. At their meeting, Strand asked for $800 to let the agent bring one pound of cocaine across the border at the Port of Sumas. After the agent crossed the border without a search, he met with Strand at a nearby motel, showed him a container of simulated cocaine, and paid him the $800. Strand was arrested as he left the motel.

At trial Strand admitted all the facts, which were supported by legally-obtained tape recordings of the conversation between him and Taylor, of his initial meeting and subsequent conversations with the Customs agent, of his conversation with the agent during the border crossing, and of their meeting at the motel thereafter, as well as by photographic evidence and substantial testimony. His defense was that he wanted to establish a trust relationship with a smuggler, enabling him later to make a spectacular single-handed arrest which he hoped would earn him full-time employment with the Customs Service.

Strand was convicted by a jury of bribery and sentenced to one year in prison. He raises two separate grounds for reversal, neither of which is persuasive.

## II

■ Appellant's first contention is that the trial judge improperly instructed the jury on the requisite intent for violation of 18 U.S.C. § 201(c)(3).[1] That section provides:

(c) Whoever, being a public official or person selected to be a public official, directly or indirectly, corruptly asks, demands, exacts, solicits, seeks, accepts, receives, or agrees to receive anything of value for himself or for any other person or entity, in return for: . . .

(3) being induced to do or omit to do any act in violation of his official duty;

. . . .

Shall be fined not more than $20,000 or three times the monetary equivalent of the thing of value, whichever is greater, or imprisoned for not more than fifteen years, or both, and may be disqualified from holding any office of honor, trust, or profit under the United States.

■ To be guilty under § 201(c)(3), Strand must have "corruptly" accepted the $800 from the Customs agent for himself or some other person in return for knowingly violating his official duty. The requisite "corrupt" intent has been defined as "incorporating a concept of the bribe being the prime mover or producer of the official act." *United States v. Brewster*, 165 U.S. App.D.C. 1, 21, 506 F.2d 62, 82 (1974). It is this element of *quid pro quo* that distinguishes the heightened criminal intent requisite under the bribery sections of the statute from the simple mens rea required for violation of the gratuity sections.[2] *See id.*, 165 U.S.App.D.C. at 11, 506 F.2d at 72; *United States v. Alessio*, 528 F.2d 1079, 1082 (9th Cir.), *cert. denied*, 426 U.S. 948, 96 S.Ct. 3167, 49 L.Ed.2d 1184 (1976).

In the instant case, five of the trial court's instructions to the jury dealt with the requisite intent for violation of

1. Within the rules of procedure and established precedents, the content of jury instructions is within the discretion of the trial judge. Inasmuch as appellant complied with Fed.R.Crim.P. 30 by objecting to the instructions prior to the jury's retirement, the harmless error standard of Fed.R.Crim.P. 52(a) applies. *United States v. Esquer-Gamez*, 550 F.2d 1231, 1235 (9th Cir. 1977); *United States v. Valle-Valdez*, 554 F.2d 911, 914 (9th Cir. 1977).

2. The bribery portions of 18 U.S.C. § 201, subsections (b), (c) and (d), require that the thing of value be given or accepted "corruptly" and "with intent to influence" or "in return for" being influenced. The gratuity portions, subsections (f) and (g), require only that the thing of value be given or accepted "otherwise than as provided by law for the proper discharge of official duty," thus covering instances where the public official would carry out the act or omission whether or not he received the thing of value.

§ 201(c)(3). First, the court read the indictment, which charged that appellant received the $800 "for himself, in return for . . . being induced to allow the importation of contraband drugs into the United States, in violation of his official duties." The court then paraphrased § 201(c)(3). The trial court also outlined the three elements that the Government was required to prove beyond a reasonable doubt as follows:

*First*: That on or about September 25, 1976, within the Western District of Washington, Darrell L. Strand corruptly did ask, demand, accept, or receive a sum of money, to wit, EIGHT HUNDRED DOLLARS ($800);

*Second*: At the time that Darrell L. Strand asked, demanded, accepted, or received the above sum of money he was an officer and employee of the United States Treasury Department, United States Customs Service; and

*Third*: Darrell L. Strand asked, demanded, accepted or received the above sum of money in return for being induced to allow the importation of contraband drugs into the United States in violation of his official duties.

Next, the court defined "corruptly":

An act is "corruptly" done, if done voluntarily and intentionally, and with the bad purpose of accomplishing either an unlawful end or result, or a lawful end or result by some unlawful method or means.

The motive to act "corruptly" is ordinarily a hope or expectation of either financial gain or other benefit to one's self, or some aid or profit or benefit to another.

Finally, the court charged the jury that violation of § 201(c)(3) "requires proof of specific intent," which it defined as proof "that the defendant knowingly did an act which the law forbids, purposely intending to violate the law."

▬ The trial court's instructions, taken as a whole, correctly and clearly charged the jury that in the case before them the requisite corrupt intent consisted of the defendant's *knowing* acceptance of money for *financial gain, in return for* violation of his official duty, with the *specific intent* to violate the law. We must presume that the jury followed the court's instruction. *United States v. Marshall*, 532 F.2d 1279, 1287 (9th Cir. 1976); *Cook v. United States*, 354 F.2d 529, 532 (9th Cir. 1965).[3]

### III

Appellant's second contention is that the trial court erred in prohibiting reference by counsel to statements he made after his arrest.

According to the Government's account, appellant made exculpatory statements one-half hour after his arrest concerning his purported motive in accepting the agent's bribe. Appellant's counsel requested permission to use these statements in opening argument and in the cross-examination of Government witnesses. The trial judge ruled that the statements were inadmissible hearsay, and neither side would be permitted to mention them in opening argument, nor could appellant refer to them in cross-examining Government witnesses.

▬ However, appellant was subsequently permitted to testify on direct examination both to having made the statements and to their substance. Thus, even were the court's ruling erroneous, the error was rendered harmless by the later admission of appellant's statements. *See Buschow v. Smith*, 420 F.2d 962 (4th Cir. 1970).[4]

---

3. Appellant argues that the court's instructions would permit the jury to convict even if it believed his theory of the case, *viz.*, that he accepted the bribe to gain the supposed smuggler's confidence in hopes of later setting him up for a spectacular arrest. However, the court's equation of the requisite corrupt intent with the acceptance of money for personal financial gain, as well as its emphasis on the statutorily required *quid pro quo*, refutes this argument.

4. The trial court's ruling, moreover, was clearly within its "considerable discretion" in ruling on the admissibility of the defendant's own exculpatory statements. *United States v. Sparrow*, 470 F.2d 885, 890 (10th Cir. 1972), *cert. denied*, 411 U.S. 936, 93 S.Ct. 1913, 36 L.Ed.2d 397

The judgment of conviction is therefore AFFIRMED.

(1973). Accepting the Government's version of the facts as it was entitled to do under Fed.R. Evid. 104(a), the court properly ruled that the statements were inadmissible as excited utterances, *see* Fed.R.Evid. 803 (2); *United States v. McLennan*, 563 F.2d 943, 948 (9th Cir. 1977); and since the defendant had not yet testified, the statements were not admissible as prior consistent statements under Fed.R.Evid. 801(d)(1), *see* 4 Weinstein's Evidence ¶ 801(d)(1)(B)[01], at 801–100 (1975).