**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNNY M. LAWRENCE, | No. 18-15870 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00091-RCJ-VPC |
| v. | |
| J. CASTRO; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted January 15, 2019[**]

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Johnny M. Lawrence appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging excessive force during an arrest.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for

failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Sprewell v. Golden State*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). We affirm.

The district court properly dismissed Lawrence's excessive force claim because the video recording of the incident Lawrence attached to the complaint contradicts Lawrence's allegations made in the complaint that defendants used an unreasonable amount of force during his arrest. *See Espinosa v. City & Cty. of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010) (setting forth factors for determining whether excessive force was used in arrest); *Sprewell*, 266 F.3d at 988 (court need not accept as true allegations that contradict documents or exhibits attached to the complaint, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences).

The district court properly dismissed Lawrence's conspiracy, failure-to-protect, and failure-to-train claims because Lawrence failed to allege facts sufficient to show a deprivation of his constitutional rights. *See Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) (to state a failure-to-train claim, plaintiff must show that the official "was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights"); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) ("[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." (citation and internal quotation marks omitted)); *Giannini v. Real*, 911 F.2d 354, 359 (9th Cir. 1990)

(deprivation of federal constitutional rights is a necessary element of the alleged conspiracy); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation omitted)).

The district court did not abuse its discretion by denying Lawrence's Federal Rule of Civil Procedure 60(b)(3) motion because Lawrence failed to establish any basis for relief. *See Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Rule 60(b)).

We reject as unsupported by the record Lawrence's contention that the district court judge was biased.

**AFFIRMED.**