NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOAH JAY GOLDMAN, | No. 18-35445 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-01763-JR |
| v. | |
| FEDERAL BUREAU OF PRISONS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted April 17, 2019[**]

Before: McKEOWN, BYBEE, and OWENS, Circuit Judges.

Goldman's motion to proceed in forma pauperis (Docket Entry No. 5) is

granted.

Former federal prisoner Noah Jay Goldman appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of leave to amend. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). We affirm in part, vacate in part, and remand.

The district court did not abuse its discretion by dismissing without leave to amend all of Goldman's claims except for the claim regarding deliberate indifference to serious medical needs because further amendment of these claims would be futile. *See id.* (dismissal without leave to amend is proper "where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile"); *see also* 42 U.S.C. § 12131(1) (defining public entity for purposes of the Americans With Disabilities Act); *Lane v. Pena*, 518 U.S. 187, 191-92 (1996) (Rehabilitation Act has not waived federal government's sovereign immunity as to monetary damages); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) (to state a failure-to-train claim, a plaintiff must show that the official "was deliberately indifferent to the need to train subordinates"); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010) (Health Insurance Portability and Accountability Act of 1996 provides no private right of action); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985) (charging a prisoner fees for medical care does not violate the Eighth Amendment unless it prevents him from receiving medical care).

However, the district court prematurely dismissed Goldman's claim alleging deliberate indifference to serious medical needs because it is not absolutely clear that the deficiencies of this claim cannot be cured by amendment. Goldman alleged that a private doctor prescribed him medication for his opioid addiction, that prison officials denied him the prescription because the medication was not approved by the Federal Bureau of Prisons, and that prison officials suggested an alternative medication, but defendants "did not any provide alternatives." *See Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014) (deliberate indifference can be found when "officials denied treatment because [the plaintiff's] medical need conflicted with a prison policy, not because non-treatment was a medically acceptable option"); *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)). We vacate the judgment in part and remand with instructions to provide Goldman with leave to amend as to this claim only.

Goldman's motion to appoint counsel (Docket Entry No. 6) is denied.

**AFFIRMED in part; VACATED in part; and REMANDED.**