NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHELLE CHRISTINA RIVERA, Plaintiff-Appellant, v. COUNTY OF SAN DIEGO; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; FRANK LEYVA, San Diego Deputy Sheriff (No. 3348); WILLIAM GORE, Sheriff, Defendants-Appellees. | No. 17-56566 D.C. No. 5:16-cv-00795-PSG-KS MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted May 15, 2019
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and ANTOON,** District Judge.

Michelle Rivera appeals the district court's orders denying her motion for a

new trial and dismissing her *Monell* claims against San Diego County and the San

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Diego County Sheriff.[1]  We have jurisdiction under 28 U.S.C. § 1291.  We review the district court's evidentiary rulings for abuse of discretion, *see Reese v. County of Sacramento*, 888 F.3d 1030, 1047 (9th Cir. 2018), and its dismissal of Rivera's *Monell* claims de novo, *see Flores v. County of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014).  We affirm.

1.  The district court did not abuse its discretion in admitting defense expert Jacob Pavlenko's testimony that Deputy Frank Leyva deployed the K-9 unit in accordance with department policy.  The Fourth Amendment reasonableness inquiry is not limited to any specific factors.  *See Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005) (en banc).  Pavlenko's testimony was relevant because Leyva's compliance with the policy was disputed.  Pavlenko testified that deputies are permitted to use physical force only "[t]o overcome resistance, prevent escape and to effect an arrest," and not to punish or injure a suspect because she did not surrender when told to do so.  Rivera's theory of the case was that when the deputies caught up with her and released the K-9 unit, they faced no immediate threat and "were just angry" because she "gave [them] a really hard time" during her two-and-a-half-hour flight.

2.  The district court did not abuse its discretion in admitting Leyva's testimony that he was nominated for the "K-9 Handler of the Year" award in 2013

---

[1] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

and 2014. This evidence, presented as part of Leyva's background, was relevant to show his training and experience with K-9 units. That it may have incidentally reflected favorably upon his character was not overly prejudicial.

3. The district court erred in allowing defense counsel to ask Rivera's expert Dr. Peter Meade whether he had ever been sued, but the error did not result in prejudice. *See Reese*, 888 F.3d at 1047. Any adverse inference that the jury might have drawn from Meade's testimony that he had been sued 10 to 15 times over three decades was countered by his uncontradicted testimony that his work in "a high risk area" necessarily involved the legal system and that none of the lawsuits against him was successful.

4. In light of the jury's finding that Leyva did not use excessive force against Rivera, her contention that the district court erred by dismissing her *Monell* claims is moot. "If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

**AFFIRMED.**