NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 20 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTRELLA LYSANDRA ZAYAS,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>JOSE ORTEGA, Peace Officer for the California Highway Patrol, Badge # 21093, in his official capacity; TIMOTHY J. BROWN, Peace Officer for the California Highway Patrol, Badge # 31057, in his official capacity,<br><br>     Defendants-Appellees,<br><br> and<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; JOSEPH A. FARROW, in his capacity as Commissioner of the California Highway Patrol,<br><br>     Defendants. | No. 19-15268<br><br>D.C. No. 3:17-cv-02739-EMC<br><br>MEMORANDUM*  |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted April 16, 2020**

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before:  BERZON and IKUTA, Circuit Judges, and LEMELLE,[***] District Judge.

Plaintiff Estrella Zayas filed suit against two California Highway Patrol (CHP) officers and the State of California (collectively, "defendants"), alleging that one of the officers touched her inappropriately while searching her for weapons or contraband incident to her arrest for driving under the influence of alcohol. The district court granted summary judgment to defendants on all but one of Zayas's claims, and Zayas did not appeal that order. The remaining claim, a state-law negligence claim against one of the officers, was tried before a jury, which issued a verdict for the officer. The district court entered final judgment for defendants.

Zayas's appeal is limited to two issues: (1) whether the district court erred in granting and maintaining a protective order that prevents Zayas and her attorney from using certain CHP materials, including training materials on "standing searches," outside this litigation; and (2) whether the district court abused its discretion in awarding defendants $1,646.75 in litigation costs.

1.      Zayas lacks Article III standing to appeal the issuance and

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

maintenance of the protective order. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011). Zayas has not offered any reason why the protective order injures her, even in the face of defendants' assertion in their opposition brief that she lacks standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Zayas had access to the sealed materials while preparing her case, and she was able to present them to the jury. Zayas "does not dispute that the orders now sought to be reviewed . . . did not affect the outcome of her case." Zayas's opening brief suggests that her attorney may wish to use the sealed materials in other cases he is litigating, but that does not explain how the protective order injures *Zayas*. Because Zayas lacks standing, we lack jurisdiction over her appeal of the protective order. *See Chapman*, 631 F.3d at 954.[1]

2.      The district court did not abuse its discretion when it denied Zayas's motion for review of the Clerk's order taxing costs against her in the amount of $1,646.75. Zayas did not file a formal objection to defendants' bill of costs, as required by Local Rule 54-2(a). Zayas did meet and confer with defendants regarding their bill of costs as instructed by Local Rule 54-2(b), and after that meeting, defendants filed an amended bill of costs, lowering the amount sought.

---

[1] Zayas's motion to take judicial notice of various documents relating to her appeal of the protective order (ECF No. 13) is DENIED because none of the documents affects our conclusion that Zayas lacks standing to pursue her appeal. *See Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1159 n.11 (9th Cir. 2014).

Zayas did not object to the amended bill of costs. After the Clerk taxed costs, Zayas moved for review of the taxation of costs, asserting for the first time that she was unable to pay. The district court's conclusion that Zayas waived her ability to challenge costs on that basis by failing to raise it when she met and conferred with defendants was not an abuse of discretion. *See* N.D. Cal. R. 54-2; *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979).

**DISMISSED in part; AFFIRMED in part.**