NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES SCHLIENZ, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> RICHARD PRATT, Interim Division Director of Health Services at Arizona Department of Corrections, <br><br> Defendant-Appellee, <br><br> and <br><br> CHARLES L. RYAN, Director, Arizona Department of Corrections; et al., <br><br> Defendants. | No. 20-15755 <br><br> D.C. No. 3:19-cv-08071-MTL-CDB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted December 2, 2020**

Before: WALLACE, CLIFTON, and BRESS, Circuit Judges.

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Arizona state prisoner James Schlienz appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Schlienz's action because Schlienz failed to allege facts sufficient to state a plausible claim. *See Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) (to state a failure-to-train claim, a plaintiff must show that the official "was deliberately indifferent to the need to train subordinates"); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisory liability under § 1983 requires "knowledge of and acquiescence in unconstitutional conduct" by subordinates); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by dismissing the third amended complaint without leave to amend because further amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider claims from Schlienz's earlier complaints that were

dismissed with leave to amend because Schlienz failed to replead them in his operative complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc) (claims dismissed with leave to amend are waived if not repled).

Schlienz's motion to proceed in forma pauperis (Docket Entry No. 6) is denied as unnecessary. *See* Fed. R. App. P. 24(a)(3).

All other pending motions and requests are denied.

**AFFIRMED.**