NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 29 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VADIM STANLEY MIESEGAES,

    Plaintiff-Appellant,

  v.

MALINDA DURNEN, AKA Mindy, Shift-Lead; et al.,

    Defendants-Appellees,

 and

PATRICK McLAUGHLIN,

    Defendant.

No. 21-55708

D.C. No. 2:20-cv-09945-CJC-RAO

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted June 15, 2022**

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

    California civil detainee Vadim Stanley Miesegaes appeals pro se from the

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Miesegaes's Fourteenth Amendment claim against defendants Durnen and Smith because Miesegaes failed to allege facts sufficient to show that hourly announcements of "ice" or "hot water" were punitive or excessive in relation to a non-punitive purpose. *See Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (explaining that civil detainees cannot be subjected to conditions that are "expressly intended to punish," "excessive in relation to [a non-punitive] purpose," or "employed to achieve objectives that could be accomplished in so many alternative and less harsh methods").

The district court properly dismissed Miesegaes's Fourth Amendment claim against defendant Black because Miesegaes failed to allege facts sufficient to show that the searches of his person were unreasonable. *See Bull v. City & County of San Francisco*, 595 F.3d 964, 971-74 (9th Cir. 2010) (en banc) (setting forth factors to evaluate whether a pretrial detention search or search policy is reasonable under the Fourth Amendment, including whether a search is reasonably related to legitimate penological interests); *Jones*, 393 F.3d at 931-32 (noting that the constitutional rights of civil and pretrial detainees are similar).

The district court properly dismissed Miesegaes's Fourteenth Amendment claim against defendant Black alleging sleep deprivation caused by a policy of hourly rounds at night because this claim was raised or could have been raised in his prior federal action between the parties or their privies that resulted in a final judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (explaining that federal claim preclusion "applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties" (citation and internal quotation marks omitted)); *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1398 (9th Cir. 1992) (holding that there is "privity between officers of the same government"); *C. Reserve Life of N.A. Ins. Co. v. Struve*, 852 F.2d 1158, 1161 (9th Cir. 1988) (relying on "the basis of the claims asserted and nature of relief sought," rather than plaintiff's act of suing defendants in their individual capacities, to determine that defendants were sued in their official capacities).

The district court properly dismissed Miesegaes's failure-to-train and supervisory liability claims because Miesegaes failed to allege facts sufficient to state a plausible claim. *See Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) (to state a failure-to-train claim, a plaintiff must show that the defendant "was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm"); *Starr v. Baca*, 652 F.3d

1202, 1207 (9th Cir. 2011) (supervisory liability under § 1983 requires "knowledge of and acquiescence in unconstitutional conduct" by subordinates); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

**AFFIRMED.**