NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAYLA MELTON, surviving wife and on behalf of surviving children of deceased Pedro Colazo-Villa on behalf of Pedro Agustin Colazo on behalf of Isaac Colazo on behalf of Alisco Ofelia Jalisciense Colazo-Villa on behalf of Vincent Aylan Colazo, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> COUNTY OF MARICOPA, a political subdivision of the State of Arizona; MARICOPA COUNTY SHERIFF'S OFFICE, <br><br> Defendants-Appellees, <br><br> and <br><br> UNKNOWN PARTIES, named as John and Jane Does 1 through 10; et al., <br><br> Defendants. | No. 21-16420 <br><br> D.C. No. 2:21-cv-00134-DWL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 28, 2022[**]
San Francisco, California

Before: M. MURPHY,[***] GRABER, and OWENS, Circuit Judges.

Plaintiffs are the wife and children of Pedro Colazo-Villa, who died after being shot by deputies employed by the Maricopa County Sheriff's Office after they responded to a report that the decedent was threatening to burn down a house. Plaintiffs bring a civil rights action under 42 U.S.C. § 1983. The district court dismissed the action against Maricopa County for failure to state a claim under Monell v. Department of Social Services, 436 U.S. 658 (1978). We review de novo, J.K.J. v. City of San Diego, 17 F.4th 1247, 1254 (9th Cir. 2021), and we may affirm on any ground supported by the record, Vestar Dev. II, LLC v. Gen. Dynamics Corp., 249 F.3d 958, 960 (9th Cir. 2001). We affirm in part and reverse and remand in part.

1. We affirm the district court's dismissal of the claim that officers used excessive force against the decedent. See Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir. 1998) ("[T]he general rule is that only the person whose Fourth Amendment rights were violated can sue to vindicate those

_____

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]   The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

2

rights."). Although certain survivors may bring a claim under § 1983 if state law authorizes "a survival action," id., Plaintiffs do not allege that they meet those criteria. See Ariz. Rev. Stat. § 14-3110 (limiting plaintiffs in a survival action to a "personal representative" of the estate); see also Barragan v. Super. Ct. of Pima Cnty., 470 P.2d 722, 724 (Ariz. Ct. App. 1970) ("A wrongful death action is an original and distinct claim for damages sustained by the statutory beneficiaries and is not derivative of or a continuation of a claim existing in the decedent.").

2. We reverse the district court's dismissal of Plaintiffs' claim for loss of a familial relationship. See Hayes v. County of San Diego, 736 F.3d 1223, 1229–30 (9th Cir. 2013) ("This Circuit has recognized that a child has a constitutionally protected liberty interest under the Fourteenth Amendment in the 'companionship and society' of her father." (citation omitted)).

The operative complaint alleges that the County had a custom, policy, or practice of failing to train its deputies "in the use of deadly force and even more specifically in the handling of suicide-by-cop situations." The complaint further alleges that this failure to train caused the decedent's death, and Plaintiffs' consequent loss of consortium, because deputies used deadly force rather than "alternative means of de-escalation." Those and related allegations suffice to state a § 1983 claim premised on failure to train. See, e.g., City of Canton v. Harris, 489 U.S. 378, 390 (1989) ("[F]ailure to provide proper training may fairly be said to

3

represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury."); Benavidez v. County of San Diego, 993 F.3d 1134, 1153 (9th Cir. 2021) ("[I]n rare instances, single constitutional violations are so inconsistent with constitutional rights that even such a single instance indicates at least deliberate indifference of the municipality."). As to Plaintiffs' failure-to-train theory, we reverse and remand for further proceedings.

To the extent that the operative complaint challenges other municipal policies, however, we agree with the district court that the operative complaint is too conclusory and formulaic to state a claim. For example, there are no specific allegations concerning other instances of excessive force sufficient to allege a custom, policy, or practice. See Dougherty v. City of Covina, 654 F.3d 892, 900–01 (9th Cir. 2011) (dismissing a complaint that lacked any factual allegations regarding key elements of the Monell claims). Accordingly, as to the remaining municipal-policy theories, we affirm.

3. We also affirm the district court's dismissal of the claim that officers did not provide the decedent with adequate health care. See Flores v. County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014) (recognizing that "the lack of training" must "actually cause[] the constitutional harm or deprivation of rights" (emphasis added)). The failure to provide adequate health care does not relate to

4

the lack of de-escalation training in suicide-by-cop situations.[2]

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**The parties shall bear their own costs on appeal.**

---

[2] We deny Plaintiffs' request to reassign the case to a different district judge on remand.  See United States v. Walker River Irrigation Dist., 890 F.3d 1161, 1173 (9th Cir. 2018) (describing standard for reassignment).