**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED



OCT 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL O. ESCAMILLA,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CITY OF SANTA ANA, a municipality; POLICE CHIEF DAVID VALENTIN, individually and in official capacity, employee of City of Santa Ana; OFFICER M. GUTIERREZ, individually and in official capacity, employee of City of Santa Ana; OFFICER RODRIGUEZ, individually and in official capacity, employee of City of Santa Ana,<br><br>Defendants-Appellees,<br><br>and<br><br>DOES, 1 through 50, inclusive,<br><br>Defendant. | Nos. 21-56326<br>23-55346<br><br>D.C. No.<br>8:19-cv-02229-JAK-ADS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 26, 2023[]
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Plaintiff Daniel Escamilla appeals pro se from the district court's dismissal for failure to state a claim of his action alleging various civil rights and constitutional claims. We review the dismissal de novo,[1] and we review discovery orders and the adoption of a magistrate judge's report and recommendation for abuse of discretion.[2] We affirm.

The district court properly dismissed Escamilla's 42 U.S.C. § 1983 claims.[3] Escamilla's *Monell*[4] claims failed because he did not identify a policy or custom that resulted in constitutional violations; he simply pointed to his isolated

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000).

[2] *See United States v. Ramos*, 65 F.4th 427, 432 (9th Cir. 2023) (adoption of report and recommendation); *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002) (discovery orders); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc) (abuse of discretion).

[3] "'We may affirm . . dismissal on any ground . . . supported by the record. . . . .'" *Gingery v. City of Glendale*, 831 F.3d 1222, 1226 (9th Cir. 2016).

[4] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037–38 L. Ed. 2d 611 (1978).

experience. *See Picray v. Sealock*, 138 F.3d 767, 772 (9th Cir. 1998); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007).

His § 1983 claims under the Fourteenth Amendment also fail. *See* U.S. Const. amend. XIV, § 1. His equal protection claims fail because he did not (1) allege any facts indicating that Defendants[5] considered his status as a non-homeless person or that they intended to discriminate against him on that basis,[6] (2) explain how he was treated differently from other crime victims,[7] or (3) identify a group to which he is similarly situated, nor how he was treated differently as a class of one.[8] Escamilla's procedural due process claim based on his victim status fails because he did not allege any violation of rights afforded a victim under article I, section 28(b) of the California Constitution. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 1908, 104 L. Ed. 2d 506 (1989); *see also Twombly*, 550

---

[5] The City of Santa Ana (the City), Police Department of Santa Ana (SAPD), Police Chief Valentin, Officer Rodriguez, and Officer Gutierrez.

[6] *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

[7] *See United States v. Morrison*, 529 U.S. 598, 620, 120 S. Ct. 1740, 1755, 146 L. Ed. 2d. 658 (2000); *Furnace*, 705 F.3d at 1030–31; *see also Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65.

[8] *See SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1122–23 (9th Cir. 2022).

U.S. at 555, 127 S. Ct. at 1964–65. Escamilla's procedural and substantive due process[9] claims based on the revocation of his concealed weapons permit both fail. Regardless of whether Escamilla had a liberty or property interest in his concealed weapons permit, Defendants did not revoke that permit—Orange County Sheriff's Department did.

The district court also properly dismissed Escamilla's § 1983 negligent hiring, retention, supervision, and training claims under both *Monell* and supervisory liability theories. His *Monell* claims fail because he did not adequately allege the City's and SAPD's deliberate indifference to the constitutional rights of the City's inhabitants. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 411, 117 S. Ct. 1382, 1392, 137 L. Ed. 2d 626 (1997) (hiring); *City of Canton v. Harris*, 489 U.S. 378, 392, 109 S. Ct. 1197, 1206, 103 L. Ed. 2d 412 (1989) (training); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1158–59 (9th Cir. 2014) (training). Escamilla's supervisory claim against Chief Valentin fails because Escamilla did not make any specific allegations involving Chief Valentin, and his supervisory claim against Officer Rodriguez fails because Escamilla did not allege any specific improper conduct related to Officer Rodriguez's purported supervision of Officer

---

[9] *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998).

Gutierrez. *See Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018); *see also Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65.

The district court properly dismissed Escamilla's First Amendment retaliation claim because he failed to plausibly allege retaliatory animus was a but-for cause of an adverse action,[10] and his bare allegation that Defendants acted in retaliation is not sufficient to state a claim.[11]

The district court properly dismissed the 42 U.S.C. § 1985(3) claim because Escamilla did not allege facts sufficient to state a claim under § 1983. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004).

The district court met its statutory obligations and therefore did not abuse its discretion by adopting the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Ramos*, 65 F.4th at 433.

The district court did not abuse its discretion by denying Escamilla's request to open discovery before the parties conferred pursuant to Federal Rule of Civil Procedure 26(f). *See Kitsap*, 314 F.3d at 1000; *see also* Fed. R. Civ. P. 26(d)(1).

---

[10] *See Hartman v. Moore*, 547 U.S. 250, 260, 126 S. Ct. 1695, 1703–04, 164 L. Ed. 2d 441 (2006); *Capp v. County of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019); *see also* U.S. Const. amend. I.

[11] *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).

We decline to consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**